**Marion S. FELTER, on behalf of himself and others similarly situated, Appellant,**

v.

**SOUTHERN PACIFIC COMPANY, a corporation; Brotherhood of Railroad Trainmen, a voluntary association; J. J. Corcoran, as General Chairman, General Committee, Brotherhood of Railroad Trainmen; J. E. Teague, as Secretary, General Committee, Brotherhood of Railroad Trainmen, Appellees.**

No. 15644.

United States Court of Appeals Ninth Circuit.

May 12, 1958.

Carroll, Davis, Burdick & McDonough, San Francisco, Cal., for appellant.

A. Burton Mason, W. A. Gregory, H. S. Lentz, San Francisco, Cal., for Southern Pac. Co.

Hildebrand, Bills & McLeod, D. W. Brobst, Oakland, for Brotherood of Railroad Trainmen.

Before HEALY, FEE, and BARNES, Circuit Judges.

HEALY, Circuit Judge.

The Railway Labor Act, 45 U.S.C.A. § 152, grants the right of collective bargaining, the right of employees freely to join a recognized union, etc. Subsection "Eleventh (b)" of § 152, relevant here, provides, among other things, that any carrier and a labor organization shall be permitted "to make agreements providing for the deduction by such carrier or carriers from the wages of its or their employees in a craft or class and payment to the labor organization representing the craft or class of such employees, of any periodic dues, initiation fees, and assessments * * * uniformly required as a condition of acquiring or retaining membership: Provided, That no such agreement shall be effective with respect to any individual employee until he shall have furnished the employer with a written assignment to the labor organization of such membership dues, initiation fees, and assessments, which shall be revocable in writing after the expiration of one year or upon the termination date of the applicable collective agreement, whichever occurs sooner."

Appellees Southern Pacific Company and the Brotherhood of Railroad Trainmen entered into a dues check off agreement such as is contemplated by the above provision. As part of this agreement it was stipulated that "Both the authorization forms and the revocation of authorization forms shall be reproduced and furnished as necessary by the Organization [union] without cost to the Company. The Organization shall assume full responsibility for the procurement and execution of the forms by employees and for the delivery of such forms to the Company." The agreement contained provisions to the effect that deductions be made by the Company in accordance with lists of employees forwarded by the Union. It was further provided that thereafter two lists be furnished each month by the Union, one showing additional employees and one showing changes in amounts and the names of any employees for whom no further deductions should be made. The list was to "be accompanied by revocation of assignment forms signed by each employee so listed."

Appellant was employed as a conductor for Southern Pacific. He executed an assignment form provided by appellee Brotherhood, of which union he was then a member, and thereafter his union dues were regularly deducted. After the passage of more than a year he joined another union, the Order of Railway Conductors and Brakemen. [There was no impropriety in his joining this union inasmuch as the Railway Labor Act protects the employee's right to change unions if he desires to do so.] Appellant then obtained, filled out and signed a form to terminate his assignment of wages, this form being printed and furnished by his new union. In all material respects it was identical with the form as printed by his former union. The revocation form was sent to the Railroad Company, and the Company forwarded it to the Brotherhood. Appellee Brotherhood immediately wrote appellant, sending him a form provided by it and requesting that he fill it out and return it so that his assignment could be revoked by the list the union was then preparing for submission to the Railroad Company under the terms of the agreement.

Appellant never returned the proffered form to the Brotherhood. Accordingly, the Railroad Company did not terminate appellant's dues assignment and has continued to deduct dues for the Brotherhood, his former union.

There appears to be no dispute as regards the facts; and the only issue raised by appellant is whether the agreement, as interpreted by the appellees, to require a revocation to be on a form furnished by the union from which he had withdrawn, is violative of the Railway Labor Act. His argument is that the Act says a wage assignment "shall be revocable in writing" and that by requiring this writing to be on a particular form is a requirement which goes beyond what is permitted by the Act.

The trial judge was of opinion that the Act should be given a workable interpretation; that the requirement of special forms was merely to facilitate orderly procedure and to aid effective bookkeeping; and that this should be allowed if it does not place an unreasonable burden on the employee's right to change unions.[1] He concluded that it did not, more especially in this case where the appellee union had the forms, was ready and able to furnish them, and in fact did send the correct forms to appellant, who for reasons best known to himself did not see fit to use them.

We are of opinion that the trial court's appraisal of the case is correct, and the judgment is accordingly affirmed.

1. See opinion of the Supreme Court in Pennsylvania Railroad Co. v. Rychlik, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480. The case is not in point here except that it discusses the purposes of the Act. The Court concluded that the Act is intended to facilitate changes in unions, not to aid one union to raid another, but to cope with the problem peculiar to the railroad industry where employees may temporarily shift from craft to craft.